Cully v Ricottone (2024 NY Slip Op 03248)

Cully v Ricottone

2024 NY Slip Op 03248

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., OGDEN, DELCONTE, AND KEANE, JJ.

125 CA 22-01859

[*1]MALCOLM CULLY AND WENDY CULLY, PLAINTIFFS-RESPONDENTS,
v
ANTHONY R. RICOTTONE, M.D., WESTERN NEW YORK UROLOGY ASSOCIATES, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 

CONNORS LLP, BUFFALO (KATHERINE G. HOWARD OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DEFRANCISCO & FALGIATANO, LLP, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 14, 2022. The order, insofar as appealed from, denied the motion of defendants Anthony R. Ricottone, M.D., and Western New York Urology Associates, LLC, for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries that Malcolm Cully (plaintiff) allegedly sustained as a result of, inter alia, the failure of Anthony R. Ricottone, M.D. and Western New York Urology Associates, LLC (defendants) to timely diagnose and treat plaintiff's prostate cancer. Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint against them. We affirm.
Even assuming, arguendo, that defendants met their initial burden on the motion with respect to both the alleged deviations from the accepted standard of medical care and proximate causation through the submission of Ricottone's affidavit (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]), we conclude that plaintiffs raised triable issues of fact with respect to both elements sufficient to defeat the motion by submitting the affidavit of their medical expert (see Selmensberger v Kaleida Health, 45 AD3d 1435, 1436 [4th Dept 2007]; Ferlito v Dara, 306 AD2d 874, 874 [4th Dept 2003]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiffs' expert affidavit "squarely oppose[d]" the affidavit of Ricottone, resulting in "a classic battle of the experts that is properly left to a jury for resolution" (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court